# CIRCUIT COURT OF BALTIMORE CITY.

Filed December 5, 1910.

HAMPDEN ASSOCIATION
VS.
REA.

*Enos S. Stockbridge* and *W. Calvin Chesnut* for plaintiff.

*Richard B. Tippett* and *E. J. W. Revell* for defendant.

NILES, J.—

It is practically conceded in this case that there was in force a restriction binding upon the property fronting on Chestnut avenue, between First and Second avenues, in Hampden, whereby all houses should be set back twenty feet from the building line.

It has been clearly proven to my mind that, by virtue of an attempted compliance with these restrictions, all the houses in this block have been set back from the building line, that these restrictions have been considered by the property owners as being in force, and that the defendant in this case had both actual and constructive knowledge of existence at one time of these restrictions. It has, however, also been proven that the restrictions mentioned covered not only the block above spoken of, but also a large tract of about 450 acres; and that, in this tract, and within a short distance of the block in question, the restrictions have been disregarded, and certain houses have been built up flush with the building line. It is further proven that, in this particular block, while some houses are set back the full twenty feet, other houses are within a less distance of the building line, and that most of the houses, if not all of them, have porches which, though open, are substantially built, which rest upon brick piers, and which project beyond the front of the houses.

Some months ago, the defendant in this case expressed his intention of building out his house, which is situated on the northwest corner of the block, even with the building line. Suit was brought by different owners of property in this block to restrain him from so doing, and thereby enforce the restrictions above mentioned, and a preliminary injunction was granted; after which answer was filed, and testimony taken, and the case now stands ready for a decree.

The plaintiffs have proven that if the owner of any one piece of property were allowed to build out over the space between present front of his house and the building line, it would shut off light, air and view from the adjoining house, and have convinced me that serious loss and damage would be done to all the property in the square, except such, the owners whereof would follow the example of the defendant and build their houses in similar fashion.

The defendant, however, contends that these restrictions were placed upon the property when it was the intention of the owners to develop a very high-class residential section, improved by fine detached residences, somewhat after the manner of the Roland Park and Walbrook developments; that this scheme has long since been abandoned; that the block in question has been improved by small two-story brick houses, many of which are now used as stores; that since the Annexation Act, the city has improved some of the streets in such a way as to render the further compliance with the restriction unsuitable to the neighborhood, inexpedient, and resulting necessarily in the diminution of the value of the property; that, at least since 1888, the owners of very few, if any, of lots improved as above, have paid any regard to these restrictions, that the present plaintiffs have allowed improvements in disregard of these restrictions to be put up without protest, and that the houses of the plaintiffs in the present action are, themselves, set back a distance less than 20 feet from the building line, and have projecting porches as above described, and therefore disregard the restrictions claimed by them to exist.

From these premises defendant argues first, that the restriction is no longer enforceable by any one, and second, that these particular plaintiffs at least are not entitled to obtain the

Iinjunctive relief for which they have asked.

I cannot, however, sustain either of these positions. On the contrary, I agree thoroughly with the argument made by the plaintiffs counsel. The proof in the case is that, so far as this square is concerned, the restriction was well known and respected by every property owner, and should this defendant be allowed to extend his house as proposed, he would take away from all his neighbors a part of the property that they supposed they bought and paid for.

I do not regard the infraction of the restrictions by the plaintiffs as being substantial, nor do I think that the Court should be zealous to find trivial infractions on the part of plaintiffs of a rule which they have evidently intended to follow, and which they have regarded as binding upon all the neighboring property holders, as well as themselves.

The fact that in other parts of the large tract the restriction has been violated, without protest, does not seem to me to be a substantial defense. When restrictions are placed upon a piece of property for the benefit of all those who may build houses thereon, and one person violates those restrictions, it is not always that a person affected can be found who has money to defray the cost and expense of litigation, and who is willing to devote that money to the purpose of sustaining the contract, which is for the benefit of the whole neighborhood, rather than use his money in similar fashion to the first transgressor, in improving his own lot, to his own pecuniary advantage.

Such person has less selfishness and more public spirit than can always be found in a property owner, and when he appears in any particular case, it does not seem to me that he ought to be denied relief because upon other occasions demanding similar public spirit, but not directly affecting the same property, no one was found who responded to the call.

The law is well settled that infringements of restrictions covering a large area may be restrained by a plaintiff in regard to his own particular neighborhood who has, nevertheless, allowed other infractions, without protest, to be made at some distance from him.

I do not find that there has been any such change of condition as to make the restriction void. On the other hand, it appears to me that to those owners of houses who desire to keep their houses for residences it is now as valuable as ever it was to have the restriction enforced which will secure a bit of ground before all the houses in the block, thus give room for grassplots, shrubbery, trees, flowers, and such improvements of that sort as the owners desire, without loss of either light or air.

I will sign a decree making the injunction perpetual.

I cannot refrain from saying in conclusion that I feel a more than ordinary sense of obligation to counsel on both sides for their very full and instructive arguments and lists of authorities.

I have examined all the cases cited but deem it unnecessary in these notes to do more than roughly outline my conclusions.